# Commonwealth ex rel. Miller v. Maroney

*Harvey Miller*, p. p., relator.

*John F. Hassett*, Assistant District Attorney, for respondent.

GUERIN, J., May 4, 1962.—Relator's petition for a writ of habeas corpus relies upon the following grounds:

1. "Failure of the court to assign able effective counsel in his case was a denial of his right to due process".

2. Counsel waived jury trial "and had petitioner proceed with a non-jury trial . . . without consulting petitioner".

3. That at the time of his trial he was a "youth of eighteen and was mentally confused".

4. That the testimony of unsworn witnesses was admitted at his trial.

5. That after his trial, and subsequent to his commitment to the Norristown State Hospital for observation, the trial judge used a report of this institution as "evidence" against him.

This is another self-drawn, inartistically devised, lengthy, rambling and legally insufficient petition, covering 40 legal sized typewritten pages, with which the courts have been flooded in recent years. Nevertheless, because of the serious charges made in the petition, we considered it carefully and examined thoroughly the original record of petitioner's trial. We found as a result thereof that the within petition contains an abundance of false and misleading statements.

On page 11, it is averred that "By order, direction, and decree of Judge Hoffman your petitioner was to be given an examination by the Psychiatric Department of Municipal Court and *he was then to be returned in one week*, December 10, 1959, for further hearing. Petitioner was not bound over for grand jury but was to be examined and returned in one week for further hearing." In truth and in fact, as the record shows, the hearing judge entered the following order, dated December 3, 1959: "After hearing, Defendant required to give bail in the sum of $1,500, conditioned for his appearance at the *next* 1959 Term of Court."

Petitioner was indicted January 8, 1960, upon three bills as of January term, 1960, no. 193, 194, 195, to which he entered pleas of "not guilty" when arraigned January 13, 1960, at which time the voluntary defender was appointed as his counsel.

The case was not called for trial until February 4, 1960, or more than three weeks after the appointment of counsel. Meantime, as the petition avers, petitioner was interviewed in the county prison by an investigator of the voluntary defender's association. At the trial, petitioner, contrary to the averments of his petition, did not waive a jury trial, but changed his plea to "guilty" on all three bills. Testimony was taken before the trial judge, and the male child victim of defendant's act of sodomy, upon which bill defendant was sentenced, in his *sworn* testimony, related all of

the details of the crime, including the brandishing of a knife and petitioner's warning to the child, "Don't do anything foolish and you won't get hurt", while compelling the lad to submit to his lustful desires.

The unsworn testimony of two youthful witness was taken with respect to the two bills charging solicitation to commit sodomy. This was error, since witnesses must always testify under oath in a criminal proceeding. As to petitioner, however, it was harmless error, as sentence was suspended upon these bills. And when petitioner testified, he admitted that what happened with the boys was the truth.

Because of the serious nature of implications by petitioner of the unfairness of his trial, we quote the following from the trial record:

"Mr. Rogovin: (petitioner's counsel). Harvey is there anything you want to say to the Judge at this point?

"The Defendant: Nothing except . . . what happened with the boys is the truth. I believe I'm disturbed . . . I can't say for sure. I don't know what is wrong with me. I'd like the Court's help, because I don't want to remain this way that I am now.

"Your Honor, I believe it's perhaps bad for me to bring it up, but I was sentenced to Whitehill when I was very young, when I was 14. It was there that I became involved in these acts. I mean, as the detective here can tell you, I went along with him, confessed to him, and he told me if I bore with you, you'd actually try and help me rather than punish me. And that's what I am seeking off of this Court. If this Court will help me, I wish very much to go along with it."

At the conclusion of the testimony, the trial judge stated:

"Under the circumstances of this case, I want to say to you, Harvey, I want to help you all I can. I am going to defer sentence at this time, but direct your commit-

ment to Norristown State Hospital for observation and evaluation for probable diagnosis of any condition that might be helped by psychotherapy or any other scientific means.

"You were there before but that was before you were sentenced to Whitehill. That was some years ago, and I would like to have an up-to-date check on it. Then we can find out if there is anything we can do. I do not want to send you to the penitentiary. I would like to find out just what we can do for you."

The report of the superintendent of the Norristown State Hospital, dated April 11, 1960, concluded with this paragraph:

"The patient's case was reviewed by the medical staff on April 8, 1960, and the diagnosis of Sexual Deviation was made. The staff was of the opinion that Mr. Miller is potentially dangerous and very likely to repeat sexually aggressive acts. We are respectfully recommending that this patient be committed under the provisions of the Barr-Walker Act to a mental hospital serving the Philadelphia area."

On April 22, 1960, petitioner appeared before the trial judge and was sentenced to a term of not less than three years nor more than ten years in the State Correctional Institution at Philadelphia.

From the foregoing, it is clear that there was no waiver of jury trial as petitioner alleges; that he was a young man who had spent 21 months in a penal institution, and was aware of crime and its punishment, and not a confused youth unacquainted with the processes of the criminal law. Nowhere in the record is there any indication that the trial judge used the hospital report as "evidence" against him. To the contrary, the report was considered by the trial judge, who disregarded the recommendation therein made and, in the exercise of his discretion, imposed a substantially less severe sentence.

As to petitioner's allegation as to lack of effectiveness of his counsel's efforts, it has repeatedly been held by the Superior Court that this is not a ground for the allowance of a writ of habeas corpus: Commonwealth ex rel. Garrison v. Myers, 194 Pa. Superior Ct. 611; Commonwealth ex rel. Hairston v. Banmiller, 194 Pa. Superior Ct. 612.

Upon a careful review of the entire record, we concluded that petitioner received a fair trial. He was shown every consideration, and there is no merit in the petition. Hence, we dismissed it.